SAMUEL FRANKLIN, ET AL., *v.* G. H. LAWRENCE, ET AL.

**Punitive Damages in Trespass.**

> Where a defendant in a damage suit for unlawfully searching plaintiff's premises for stolen goods, not having a search warrant, does so in a high-handed and lawless manner, the jury are authorized to assess punitive damages.

**Proof of Averments of Answer.**

> When an answer, in a case for unlawful search, sets up that the search was made by an officer and men under his authority, but on the trial there is no attempt to justify under a search warrant and no instruction asked or given on that subject, the plaintiff is entitled to recover.

APPEAL FROM GRAVES CIRCUIT COURT.

February 6, 1879.

OPINION BY JUDGE ELLIOTT:

To action for trespass for the forcible entry of appellants into appellees' residence, and the breaking of chests, searching of bureaus, bedrooms, etc., as they claimed, for stolen goods, they answered claiming that as an officer and men under his authority they had a right to search the house by virtue of a search warrant issued by a justice of the peace.

But on the trial there was no attempt to justify under any search

warrant, and at the close of the evidence the case was given to the jury without instructions being asked or given to the jury.

The entry of the appellees' house, alarming their family, and on an errand which conveyed the imputation that they had on their premises secreted stolen goods, made out or rather aggravated trespass; and as no instructions were asked and there was no error of law committted, we cannot say that the verdict of the jury is so excessive as to indicate passion or prejudice on the part of the jurors.

The conduct of the appellants was unauthorized, high-handed and lawless and in such cases the jury are authorized to assess punitive damages by their verdict; and unless the amount is such as to indicate passion and prejudice on the part of the jury, we are not authorized to disturb it.

Wherefore the judgment is *affirmed*.

*L. Anderson, for appellants.   Tice & Crossland, for appellees.*